# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BRANDI POWERS on Behalf of Herself ) | |
| And All Others Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CAUSE NO. 1:08-cv-208-PPC |
| ) | |
| CENTENNIAL COMMUNICATIONS ) | |
| CORP., ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

There are several motions pending in this wage payment dispute between Brandi Powers and her former employer, Centennial Communications Corp. This opinion addresses two of the motions which are related to one another. One is Centennial's Motion for Judgment on the Pleadings for the claim under the Indiana Wage Payment Statute [DE 22], and the related question is whether to certify an issue of state law to the Indiana Supreme Court [DE 33]. Powers concedes that the plain language of the Indiana Wage Payment Statute prevents her from prevailing. So she is challenging the constitutionality of the statute claiming it violates the Privileges and Immunities clause of the Indiana Constitution, and she seeks to have the question certified to the Indiana Supreme Court. For the reasons discussed below, certification of the question to the Indiana Supreme Court is unnecessary. And because I find the statute constitutional under Indiana's Privileges and Immunities clause, Centennial's Motion for Judgment on the Pleadings must be granted.

## BACKGROUND

Centennial is a provider of wireless and telecommunications services, and Powers worked for them as a sales representative for a number of years. Powers asserts several claims against Centennial, all relating to alleged improprieties with how she was paid by Centennial. Her income was composed of both a set weekly salary as well as monthly commissions. Pl.'s Mot. to Certify Question [DE 34] at 3-4. The dispute mainly involves whether Centennial calculated her overtime correctly and paid her in a timely fashion. Although she was a salaried employee, she was also entitled to time and a half overtime if she worked over 40 hours a week. Sales Compensation Plan [DE 9-5] at 2-3.

Calculating Powers' compensation is complex. Centennial had to first determine her regular hourly rate, and this involved factoring in both her salary and her commissions. Adding to the complexity, the commissions were somewhat amorphous figures, changing even after they were paid out because of customers' deactivations, rate plan downgrades, and feature downgrades, often made several months after the initial sale. Kruse Aff. [DE 29-2], ¶ 17. Powers maintains that Centennial made these calculations incorrectly, and has demonstrated several, undisputed instances where her commission payments did not match her sales record and at least two months where accrued overtime was not paid at all. Pl.'s Mot. for Class Certification [DE 36] at 5-8. She also claims that Centennial's general practice is to make deductions, or "chargebacks," from an employee paycheck to make up for the commission overpayment on previous paychecks. *Id.* at 7. She argues that Centennial's handling of her paychecks was improper and amounted to violations of both federal and state laws.

One of the laws at issue is the Indiana Wage Payment Statute, Indiana Code § 22-2-5 *et.*

*seq.*, which requires employers to pay each employee "at least semimonthly or biweekly" and for payment to be made "for all wages earned to a date not more than ten (10) days prior to the date of the payment." In addition to the Wage Payment Statute, Powers seeks relief under the Fair Labor Standards Act ("FLSA") for the failure to pay overtime, and the Indiana Wage Deduction Statute, Indiana Code § 22-2-6 *et. seq.*, for invalid deductions. She has also sought leave to amend her complaint to add a breach of contract claim, though that motion is challenged by Centennial. Also pending is Powers' motion for both certification of her FLSA Collective Action claim, as well as her proposed Rule 23 class action for her various state claims.

At the moment, however, I am only addressing Powers' Motion to Certify Question of State Law and Centennial's 12(c) Motion for Judgment on the Pleadings as to Powers' Wage Payment Statute claims. The two involve the same issue – whether an exemption found in the Wage Payment Statute is constitutional under the Indiana Privileges and Immunities Clause. Ind. Const. Art. 1, § 23. The exemption, Indiana Code § 22-2-5-1.1, states that the Wage Payment Statute does not apply to "salaried employees who are eligible for overtime compensation under the Fair Labor Standards Act." Powers does not deny that she falls firmly within the Section 5-1.1 exemption and that, if constitutional, her Wage Payment Statute claims must fail. She hopes instead to have the question of the exemption's constitutionality under the Privileges and Immunities clause certified to the Indiana Supreme Court and thereby save her Wage Payment Statute claims.

## DISCUSSION

Indiana Appellate Rule 64 provides that a federal court "may certify a question of Indiana law to the Supreme Court when it appears to the federal court that a proceeding presents an issue

3

of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." The Seventh Circuit instructs that the factors to consider when addressing a request to certify a question to state court include: (1) the amount of uncertainty regarding the issue in dispute; (2) whether the case concerns a matter of vital public concern; (3) whether the issue will likely recur in other cases; (4) if resolution of the question to be certified is outcome determinative of the case; (5) whether the state supreme court has yet to have an opportunity to illuminate a clear path on the issue; (6) if the case presents fact-specific questions; (7) whether the supreme court of the state would consider the issue one of importance to the growth of the state's jurisprudence; (8) whether resolution will benefit other future litigants; and (9) whether intermediate courts of the state are in disagreement. *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 416-17 (7th Cir. 2004).

The first task, then, is to weigh the level of uncertainty regarding the constitutional issue at hand. The Seventh Circuit has called this factor the "most important consideration" for a federal court in deciding whether to use its discretion to certify a question to state court. *Brown*, 384 F.3d at 415 (quoting *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671 (7th Cir. 2001)). In this case, I find that there is little uncertainty at all. Although no Indiana court has addressed the issue of whether the Section 5-1.1 exemption is constitutional under the state's Privileges and Immunities clause, Indiana has laid out a straightforward two-pronged test for the constitutional clause in general. *Collins v. Day*, 644 N.E.2d 72, 80 (Ind. 1994). "First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes." *Id*. "Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated."

4

*Id*.  Overlaying any analysis under the Privileges and Immunities clause is the "substantial deference" owed to legislative discretion.  *Id*.

Under the first prong of the *Collins* test, a statute treating classes of people differently squares with the Indiana Privileges and Immunities Clause if the disparate treatment is "reasonably related to inherent characteristics which distinguish the unequally treated classes." *Id*.  This is an easy hurdle to mount.  "If any state of facts within the fair range of probability can be reasonably supposed, which would supply an adequate reason on which to base the classification made, such state of facts will be assumed to have existed when the law was enacted."  *Id.* (quoting *Sperry & Hutchinson Co.,* 188 Ind. 173, 183 (Ind. 1919)).

Section 5-1.1 of the Indiana Wage Payment Act states that the act does not apply to "salaried employees who are eligible for overtime compensation under the Fair Labor Standards Act."  What this means is that salaried employees are not subject to Indiana's Wage Payment Act, while non-salaried employees are. The question for me is whether there is *any* reason – and it need not be a good reason – to treat salaried employees different than those who are not salaried.  Here's one: the legislature was seeking to ease the administrative difficulties imposed on employers who have to figure out what overtime rates to pay employees who are otherwise paid through a pre-determined salary.  One can imagine that for salaried employees, mechanisms do not readily exist to measure their hours worked or their regular hourly rate, and that this would create complications in calculating the overtime wages that are due to them.  Powers' own case presents a conspicuous example of the sorts of headaches brought about by trying to calculate overtime for a salaried employee, and her commission payments make the issue all the more complicated.  The Wage Payment Statute, between its 10-day rule and

semimonthly/biweekly payment requirements, is concerned with and directed towards the frequency and timing of payments to employees. *See City of Clinton v. Goldner*, 885 N.E.2d 67, 75 (Ind. Ct. App. 2008); *Atchley v. Heritage Cable Vision Associates*, 904 F.Supp. 870, 875 (N.D. Ind. 1995). By creating an exemption for salaried employees eligible for overtime under the FLSA, the legislature recognized the difficulty for employers in calculating these employees' overtime payments, and eased up the pressure requiring how quickly they must do so.

The exemption at issue also satisfies the second *Collins* requirement of the Indiana Privileges and Immunities clause, which states that the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Collins*, 644 N.E.2d at 80. The goal of the second prong is to make sure, given the rationale motivating the classification, that all persons who share the characteristics justifying the separate treatment are actually included in the application of the law. "[I]f there are other general classes situate[d] in all respects like the class benefitted by the statute, with the same inherent needs and qualities which indicate the necessity or expediency of protection for the favored class, and legislation . . . withholds the same protection from, the other class or classes in like situation, it cannot stand any inequalities created by a law." *Id.* at 79 (quoting *McErlain v. Taylor,* 207 Ind. 240, 262 (Ind. 1934)). In other words, a statute is invalid under the second prong, "if as applied to a subset of a facially homogeneous class, it confers a different privilege or harm." *Roberts v. ACandS, Inc.*, 873 N.E.2d 1055, 1060 (Ind. Ct. App. 2007) (citing *McIntonsh v. Melroe Co.,* 729 N.E.2d 972, 981 (Ind. 2000)).

Powers argues that the second prong of *Collins* is not met here because the exemption found in Section 5-1.1 only applies to employees eligible for overtime compensation under the

6

FLSA. It is true that some salaried employees are not exempt. This is because the FLSA does not cover businesses with annual sales or income of less than $500,000. *See* 29 U.S.C. §§ 203(s)(1)(A)(i)-(ii); 207(a)(1)-(2). She argues that, even assuming the rationality of separate classifications for salaried versus non-salaried employees, the exemption does not uniformly apply to all individuals who share that characteristic, because the language of FLSA itself excludes some overtime eligible employees.

The problem with this argument is that employees of smaller companies are not "similarly situated" to employees of the larger companies who fall within the auspices of the FLSA and subsequently the Section 5-1.1 exemption. Smaller companies will have less employees to deal with and, as a result, a smaller administrative burden in keeping up with the requirements of the Indiana Wage Payment Statute. A larger company would have a far more difficult time if the complications exhibited by Powers' own overtime payment calculations were multiplied by hundreds and even thousands of individuals.

If the logistical difficulties in keeping up with the timing requirements of the Wage Payment Statutes created the underlying reason for exempting salaried and overtime-eligible employees, that principle carries forward in justifying a further separation between employees of smaller companies and employees of the larger ones. Smaller companies have less of a need for the exemption's protection. In addition, the legislature may have been concerned about the Wage Payment Statute discouraging large national employers from choosing Indiana over other states to set up shop. The same concern is not as large for small companies who are less likely to move if dissatisfied with the burdens of the Wage Payment Statute. The exemption therefore meets the second prong of the *Collins* test because it applies uniformly to all employees that are

similarly situated – i.e those salaried employees who work for companies having gross revenue of more than $500,000.

In sum, Powers has not met her burden, as the party challenging the constitutionality of the statute, to "clearly overcome" the presumption of constitutionality with a contrary showing. *See Ledbetter v. Hunter*, 842 N.E.2d 810, 815 (Ind. 2006) (quoting *State v. Rendleman*, 603 N.E.2d 1333, 1334 (Ind. 1992)). I am fairly certain as to how an Indiana court would rule with respect to the first and second *Collins* prongs. And any doubts that I may have are erased when I consider that Indiana courts accord "substantial deference" to legislative discretion.

Moreover, while this precise issue has not been presented to the Indiana Supreme Court, or any court as far as I can tell, I cannot say that it raises a matter of vital public concern or one the Indiana Supreme Court would consider important to the growth of the state's jurisprudence. The Wage Payment Statute exemption (I.C. § 22-2-5-1.1), has seen very little litigation of any sort, and none of the parties or courts coming across it have raised any constitutional problems. *See e.g., Osler Institute Inc. v. Inglert*, 558 N.E.2d 901, 905 (Ind. Ct. App. 1990) (refusing to apply exemption retroactively), *summarily aff'd by* 569 N.E.2d 636 (Ind. 1991); *Buttry v. Bd. of Com'rs of Posey County*, 2005 WL 2127383 at * 6 (S.D. Ind. Sept. 1, 2005) (finding material question of fact existed as to whether plaintiff was hourly or salaried employee); *Braddock v. Madison County*, 34 F.Supp.2d 1098, 1114-15 (S.D. Ind. 1998) (finding plaintiffs to be salaried employees and therefore exempt under statute). As mentioned, I have little uncertainty as to how the Indiana Supreme Court would rule when so much discretion is afforded to the legislature, and the fact that no one else has raised the question despite the opportunity to do so confirms for me it is an issue creating little controversy in the minds of Indiana employers and

employees.

I am also cognizant of the fact that it was Powers' choice to bring this case to federal court, and yet she is the one who wants to send it back to state court for certification. *Brown*, 384 F.3d at 417. While this fact is not in any way determinative, it seems odd to allow her to leapfrog the Indiana trial courts and appellate courts, and proceed directly to the highest court in the State of Indiana when she was the one who chose the federal forum. As the Seventh Circuit has stated, "A litigant who wants an adventurous interpretation of state law should sue in state court . . . rather than ask us to declare such an interpretation to be the law of Illinois." *Doe v. City of Chicago*, 360 F.3d 667, 672 (7th Cir. 2004). Powers' constitutional problem with the Section 5-1.1 exemption did not spring up in the middle of her case; it was one she could have seen from the commencement of the litigation. In the face of this obvious problem, she chose the federal forum. Absent compelling reasons otherwise, she will have to stick with her initial decision. *See Patel v. United Fire & Cas. Co.* 80 F.Supp.2d 948, 955 (N.D. Ind. 2000) (collecting cases).

## CONCLUSION

Powers' Motion to Certify Question of State Law to the Indiana Supreme Court [DE 33] is **DENIED** and Centennial's Motion for Judgment on the Pleadings [DE 22] is **GRANTED**. Powers' claims brought pursuant to the Indiana Wage Payment Statute are **DISMISSED**.

**SO ORDERED.**

**ENTERED**: May 18, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

9